### JACOBS v. ALLEN et al.

#### (Supreme Court, Appellate Term, May 27, 1912.)

JUDGMENT (§ 255\*)—EVIDENCE—WEIGHT AND SUFFICIENCY—VALUE OF SERVICES.

In an action for the agreed price and reasonable value of work, labor, and services, where the only proof of an agreed price, or of the value, was the admission of defendants, who admitted liability for 35 per cent. less than that claimed by plaintiff, and in previous dealings between plaintiff and one of the defendants such a discount had always been allowed, a judgment for the full amount claimed is unsupported by the evidence.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 445; Dec. Dig. § 255.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by William Jacobs against Harry Allen and another. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed, and new trial granted.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Jacob W. Block, of New York City, for appellants.
Max Silverstein, of New York City, for respondent.

LEHMAN, J. The plaintiff has brought an action for the sum of $69.42, "the agreed price and reasonable value of certain work, labor, and services." The answer denies the allegations of the complaint, but sets up a counterclaim for damages suffered by the negligence of plaintiff, which they offer to offset against their counterclaim. The trial justice has given judgment in favor of the plaintiff for the full amount of his claim.

The evidence adduced by the plaintiff is absolutely insufficient to sustain the judgment. There is no proof of any agreed price or value, except by the admissions of the defendants. The defendants have, however, admitted liability for a sum 35 per cent. less than that claimed by the plaintiff. The proof shows that while there were no previous dealings between the plaintiff and the defendants' firm, and no express arrangement made for a discount by any person authorized to allow a discount, there had been previous dealings between the plaintiff and the particular defendant who arranged for the work done by the plaintiff, and that in such dealings the plaintiff had always allowed this discount. I think, under all the circumstances disclosed on

the record, the plaintiff was entitled to no greater recovery than the amount offered by the defendants. I have also considerable doubt whether or not the trial justice passed upon the counterclaim.

For these reasons, the judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.